644 A.2d 1232

**AMERICAN MOTORISTS INSURANCE COMPANY, Appellant,**

v.

**FARMERS BANK AND TRUST CO. OF HANOVER,**
**Guardian of Nancy E. Sterner, an Incompetent.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1994.

Filed June 10, 1994.

Harvey Freedenberg, Harrisburg, for appellant.

Daniel J. Flaherty, York, for appellee.

Before CAVANAUGH, WIEAND and SAYLOR, JJ.

CAVANAUGH, Judge:

This is an appeal from an order which denied appellant American Motorists Insurance Company's ("American") motion to amend its petition for declaratory judgment and grant-

ed appellee Farmers Bank and Trust Company's ("Farmers Bank") motion for judgment on the pleadings. After careful review and for the reasons which follow, we reverse.

The facts of this case, as accurately stated by the trial court, are as follows:

American Motorists Insurance Company, commenced this [declaratory judgment] action on February 24, 1988, seeking a determination of its responsibility under the Pennsylvania No–Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 (repealed 1984), to Nancy Sterner for expenses incurred for services from the Rest Haven–York Nursing and Convalescent Center.

Nancy Sterner was committed to Rest Haven on July 6, 1979 as a result of disabling injuries sustained in a 1978 car accident. Sterner was hit by a car while she walked along Legislative Route 66007 in Stoverton, Pennsylvania, on or about April 12, 1978. Sterner was hospitalized for back, leg, and other injuries, before she was transferred to Rest Haven for medical and rehabilitative treatment. Sterner has resided there continuously from 1979 to the present.

Sterner's expenses have been covered through the present by her parents' auto insurance policy, issued by [American] and governed by the Pennsylvania No–Fault Act then in force. [American] has provided coverage, as a result of the motor vehicle related accident, for Sterner's treatment and care pursuant to that policy since April, 1978.

[Appellee] Farmers Bank and Trust Company of Hanover, was appointed guardian for Nancy Sterner by Order of this Court on November 13, 1979. Sterner was born with a mental disability and was cared for by her parents. On the petition of Virgil G. Sterner, her father, Nancy Sterner was adjudged incompetent and Farmers Bank and Trust [was] appointed guardian....

... [American] contends that Sterner attained maximum recovery for her injuries sustained in the April 12, 1978 accident on June 17, 1981 and continues to receive only "custodial care." [American] asserts that the No–Fault Act

and Sterner's policy do not extend coverage for custodial care. [American] requests its release from liability and demands repayment of benefits paid from the date of the petition.

[Farmers Bank] denies that Sterner has recovered and reached maximum rehabilitation of her injuries....

[Farmers Bank] filed a motion for judgment on the pleadings on January 14, 1993. In response, [American] filed a motion to amend its petition for declaratory judgment and a motion to stay judicial proceedings on January [29], 1993.

Following oral argument, the trial court: (1) granted Farmers Bank's motion for judgment on the pleadings, concluding that Farmers Bank was entitled to judgment as a matter of law because American did not raise the issue of whether Nancy Sterner's care was related to the injuries she sustained in the 1978 accident; and (2) denied American's motion to amend, concluding that the proposed amendment would raise a new cause of action beyond the applicable four year statute of limitations. Judgment was subsequently entered. American then filed this appeal.

Two issues have been raised for our consideration:

(1) Did the York County Court of Common Pleas err in granting Farmers Bank's motion for judgment on the pleadings?

(2) Did the York County Court of Common Pleas err in denying American's motion for leave to file an amended petition for declaratory judgment?

We begin with appellant's first issue. American contends that a material question of fact existed as to whether the medical care provided to Nancy Sterner was accident related, because its petition's use of the term "custodial services" clearly implicated this issue. We do not agree.

When reviewing the grant of judgment on the pleadings, we employ the following standard:

A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. Thus, "[i]n reviewing a trial court's decision to grant judgment on the pleadings, the scope of review of the appellate court is plenary; the reviewing court must determine if the action of the trial court was based on a clear error of law or whether there were facts disclosed by the the pleadings which should properly go to the jury." An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against him only those facts which he specifically admits.... Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.

*Kelly v. Nationwide Ins. Co.*, 414 Pa.Super. 6, 9–10, 606 A.2d 470, 471–72 (1992) (citations omitted).

In *Drake v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 529 Pa. 44, 601 A.2d 797 (1992), our supreme court held that, under the No–Fault Act, there is no *per se* exclusion for expenses related to medical and nursing care which is custodial; and that the cost of custodial care was an allowable expense under the applicable no-fault automobile policy under the No–Fault Act, so long as it was necessary due to accident related injuries. *Id.* at 51–52, 601 A.2d at 801. Thus, the fact that an insured is receiving custodial care does not, of itself, relieve the insurer of the responsibility of the cost of this care. Rather, the insurer must, in terms of a motion for judgment on the pleadings, allege not only that the care is custodial, but also that the care is unrelated to the accident, in order to be relieved of financial responsibility for the costs of this type of care.

A review of the pleadings in this case reveals that the sole issue raised by American is whether the care provided to Nancy Sterner was custodial rather than rehabilitative in nature. The legal theory underlying American's petition was

that the care was custodial, and therefore, was not its responsibility under the terms of the policy and the No–Fault Act. The issue of whether the care was accident related was not raised in American's petition. Thus, there did not exist a genuine issue of fact which would preclude the entry of judgment on the pleadings; American's argument is meritless. However, because of our resolution of American's second issue, *infra*, we find that the trial court's grant of judgment on the pleadings was premature in this case.

We now turn our attention to American's second issue. American contends that the trial court erred in denying its motion to amend because the proposed amendment did not introduce a new cause of action; or alternatively, that even if the amendment did introduce a new cause of action, its duty to pay benefits is in the nature of a continuing contract, and as such, the statute of limitations does not prevent it from contesting its current and future obligations under the policy.

■ Pa.R.C.P. 1033 provides, in pertinent part, that:

A party, either by filed consent of the adverse party or by leave of court, may *at any time* change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense.

Pa.R.C.P. 1033 (emphasis added). However, an amendment will not be allowed after the statute of limitations has expired if it introduces a new cause of action. *Shaffer v. Pennsylvania Assigned Claims Plan*, 359 Pa.Super. 238, 251, 518 A.2d 1213, 1220 (1986). An amendment states a new cause of action where the amendment rests on a different legal theory, basis for recovery or relationship between the parties than did the original pleading. *Id.* at 253, 518 A.2d at 1221.

■ As noted, the trial court denied American's motion to amend its declaratory judgment petition because it would have raised a new cause of action after the applicable four year statute of limitations had expired. While we agree with the

trial court that American's proposed amendment would introduce a new cause of action because the amendment rests on a different legal theory, and that a four year statute of limitations is applicable to declaratory judgment actions,[1] we nonetheless find that the trial court erred in ruling that the statute of limitations barred amendment of American's petition.

■ "Our courts have held that where installment or periodic payments are owed, a separate and distinct cause of action accrues for each payment as it becomes due." *Ritter v. Theodore Pendergrass Teddy Bear Productions, Inc.,* 356 Pa.Super. 422, 430, 514 A.2d 930, 935 (1986). *Accord Pennsylvania Turnpike Commission v. Atlantic Richfield Co.,* 31 Pa.Cmwlth. 212, 375 A.2d 890 (1977) *aff'd* 482 Pa. 615, 394 A.2d 491 (1978). Thus, American accrues a new cause of action with each payment it makes for Nancy Sterner's care. The statute of limitations, therefore, does not bar American from contesting its current and future obligations under the policy, as well as those payments which were made within the four years preceding the filing of the motion to amend the petition for declaratory judgment. Only American's claims for those payments made more than four years prior to the filing of the motion to amend will be barred by the statute. As such, the trial court erred in denying American's motion to amend.

Accordingly, we reverse the trial court's order which granted Farmers Bank judgment on the pleadings and denied American's motion to amend; and remand this matter to the trial court for further proceedings consistent with this opinion.

Reversed and remanded. Jurisdiction relinquished.

1. *See Wagner v. Apollo Gas Co.,* 399 Pa.Super. 323, 582 A.2d 364 (1990) (four year statute of limitations applies to declaratory judgment actions arising out of contractual relationships).