# For Sale By Owner Services, Inc. v. Zook

C.P. of Lancaster County, no. CI-07-04456.

*James P. Wolman,* for plaintiff.
*Stephen W. Grosh,* for defendants.

ASHWORTH, *J.,* January 18, 2011—Henry B. Zook and Elizabeth Zook have filed a motion for judgment on the pleadings. For the reasons set forth below, this motion will be granted in part and denied in part.

## I. BACKGROUND

These consolidated cases involve a dispute growing out of an ongoing landlord/tenant relationship between the parties regarding a lease for certain real property located in New Holland, Pennsylvania. The parties to the lease agreement were Henry and Elizabeth Zook (landlords) and For Sale By Owner Services, Inc. (Tenant).

Tenant executed a lease agreement on January 24, 2002, for property located at 154-158 East Main Street, New Holland. The lease period began on February 1, 2002.

The lease agreement was ultimately terminated, tenant evicted and possession returned to landlords on April 28, 2009.

In its complaint in case number CI-07-04456, comprising nine separate counts, tenant seeks damages and other relief, including an abatement of rent, from landlords for certain breaches of the lease agreement. Case number CI-09-05604 originated as a landlord/

tenant action at the local magisterial district judge office, where landlords filed an action alleging tenant's failure to pay rent when due under the same lease and for the same premises sued upon by tenant in case number CI-07-04456, and seeking possession of the premises. The district judge entered a judgment in favor of landlords for possession of the premises and awarded them money damages. Tenant filed an appeal to this court from the judgment of money damages only. These two cases were eventually consolidated on October 13, 2009, to case number CI-07-04456.

Landlords have filed a motion for judgment on the pleadings requesting that all nine causes of action contained in tenant's complaint be dismissed. Counts I, II, III, IV, VI, and VII of tenant's complaint are identified by tenant as breach of contract claims. Counts V and IX are identified as conversion claims, and Count VIII is a specific performance claim.

## II. STANDARD OF REVIEW

Landlords have motioned the court for judgment on the pleadings pursuant to Pennsylvania Rule of Civil Procedure 1034. Rule 1034(a) provides: "After the relevant pleadings are closed, but within such time as not to reasonably delay the trial, any party may move for judgment on the pleadings." Thereafter, "[t]he court shall enter such judgment or order as shall be proper on the pleadings." Pa. R.C.P. 1034(b). The standard by which a court reviews a request for judgment on the pleadings is limited.

"A motion for judgment on the pleadings will be granted only where, on the facts averred, the law says with certainty no recovery is possible...." It is fundamental that a judgment on the pleadings should not be entered where

there are unknown or disputed issues of fact.... The court must treat the motion as if it were a preliminary objection in the nature of a demurrer.... In conducting this inquiry, the court should confine its consideration to the pleadings and relevant documents...." *Piehl v. City of Philadelphia,* 604 Pa. 658, 671, 987 A.2d 146, 154 (2009) (citations omitted). See also *Pfister v. City of Philadelphia,* 963 A.2d 593, 597 (Pa. Cmwlth. 2009).

## III. DISCUSSION

Initially, landlords argue that Counts I, II, III, IV and VI of tenant's complaint are barred by the four-year statute of limitations set forth in 42 Pa. C.S.A. § 5525. (See motion at ¶ 12.) Landlords assert that since the lease was dated February 1, 2002, tenant's enumerated claims are barred because this suit was not instituted until May 4, 2007, more than four years after the inception of the lease.

Under Pennsylvania law, the statute of limitations on a breach of contract claim does not begin to run until the cause of action accrues. *Leedom v. Spano,* 647 A.2d 221, 226 (Pa. Super. 1994); *McGaffic v. City of New Castle,* 973 A.2d 1047, 1052 (Pa. Cmwlth. 2009). However, Pennsylvania courts have held that "where installment or periodic payments are owed, a separate and distinct cause of action accrues for each payment as it becomes due." *American Motorists Insurance Co. v. Farmers Bank & Trust Co.,* 644 A.2d 1232, 1235 (Pa. Super. 1994) (quoting *Ritter v. Theodore Pendergrass Teddy Bear Productions, Inc.,* 514 A.2d 930, 935 (Pa. Super. 1986)).

Accordingly, tenant's entire breach of contract claim did not accrue at the inception of the lease. Instead, the series of alleged violations of the lease by landlords occurred on a monthly basis, from the time of the lease's

execution until August 2008, with each violation being a separate cause of action which accrued on the date of the violation and expired four years later with the tolling of the statute of limitations. Specifically, tenant accrued a separate cause action each time: (1) landlords failed to turn over to tenant the entire first floor area as required by the lease despite the fact that tenant paid the full rental price for the entire space each and every month from February 1, 2002, until August 2008 (Count I); (2) landlords occupied certain parts of the leased space and failed to pay tenant rent for that space despite paying full rent for the entire leased space from the inception of the lease until August 2008 (Count II)[1]; (3) landlords interfered with tenant's receipt and use of electrical services in the leased space from the inception of the lease until August 2008 (Count IV); and (4) landlords allowed the common areas of the building, for which they were responsible under the lease, to remain in such a state as to be a violation of building codes throughout the lease period (Count VI).

Thus, the statute of limitations period has not run on any claim for breach arising within four years prior to tenant's filing of its complaint on May 4, 2007. As such, landlords are not entitled to judgment as a matter of law with respect to tenant's claims arising from lease payments made on or after May 4, 2003. Judgment will be granted for those claims accruing before May 4, 2003.

Landlords' second basis for their request for judgment on the pleadings rests on their assertion that Counts V, VII, VIII and IX fail to state a cause of action and that they violate the Rules of Civil Procedure regarding actions

---

1. Count III of tenant's complaint essentially asserts a quantum meruit claim for the same space and the same time periods set forth in Count II.

based on contracts and, therefore, should be dismissed.

Count V of tenant's complaint asserts landlords converted, i.e., improperly removed, a vehicle belonging to tenant that had been parked in the lot behind the leased building, and cites Paragraphs 26 and 32 of the lease as supporting tenant's right to park its vehicle in landlords' parking lot behind the building. Tenant concedes the fact that these lease paragraphs do not provide tenant a basis for parking its vehicle behind the leased premises. However, tenant cites the court to Paragraph 36 of the second lease (see Exhibit "B" to tenant's complaint) which specifically refers to parking privileges of the tenants. With the complaint amended to refer to the proper lease provision,[2] a cause of action is stated in this count sufficient to withstand landlords' motion for judgment on the pleadings.

Landlords' alternative argument regarding this conversion count is that it sounds in tort and not in contract and is barred by the "gist of the action" doctrine, citing *Reardon v. Allegheny College*, 926 A.2d 477 (Pa. Super. 2007). "The gist of the action doctrine acts to foreclose tort claims: 1) arising solely from the contractual relationship between the parties; 2) when the alleged duties breached were grounded in the contract itself; 3) where any liability stems from the contract; and 4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim." *Id.* at 486. As a practical matter, the doctrine precludes plaintiffs from re-casting

---

2. Amendments to pleadings are freely allowed under the Pennsylvania Rules of Civil Procedure and it is within the trial court's discretion whether to grant or deny permission to amend. *Beckner v. Copeland Corp.*, 785 A.2d 1003, 1005 (Pa. Super. 2001), citing Pa. R.C.P. 1033.

ordinary breach of contract claims into tort claims. *eToll Inc. v. Elias/Savion Advertising Inc.,* 811 A.2d 10, 15 (Pa. Super. 2002). "The test is not limited to discrete instances of conduct; rather, the test is, by its own terms, concerned with the nature of the action as a whole." *Freestone v. New England Log Homes, Inc.,* 819 A.2d 550, 554 (Pa. Super. 2003) (quoting *American Guarantee and Liability Insurance Co. v. Fojanini,* 90 F.Supp.2d 615, 622 (E.D. Pa. 2000)). There is no question that, in reading tenant's complaint, this tort claim for conversion is derived from and a direct result of the parties' contractual relationship as set forth in Paragraph 36 of the second lease. (See Exhibit "B" to tenant's complaint.) As the allegedly negligent act on the part of the landlords of removing from the property a truck belonging to tenant was, in fact, actually an alleged violation of the lease agreement, tenant has attempted to re-cast a breach of contract claim into a tort claim. Accordingly, this claim must be dismissed and judgment entered in favor of landlords as a matter of law.

Count VII of tenant's complaint seeks damages from landlords on the basis that Paragraph 34 of the second lease (Exhibit "B" to tenant's complaint) creates an option for tenant to purchase the properties that are the subjects of the lease at stated prices. Exhibit "D" to the complaint is the agreement of sale tendered by tenant to landlords for the exercise of that option, which landlords refused. landlords contend that this count must be dismissed because it fails to allege tender of the $10,000.00 check called for in the agreement. Tenant counters that the agreement of sale refers to this money being paid "at the time the agreement is signed." Since landlords never signed the agreement, tenant claims it was not required to tender the money. This court agrees with tenant that the status of the $10,000.00 payment is a factual question to be determined either in

discovery or at trial. Therefore, Count VII will not be dismissed on this basis.

Alternatively, landlords argue that Count VII fails because the lease agreement was terminated in April 2009 and, therefore, tenant's option to purchase is no longer enforceable. Tenant's complaint avers that its attempt to exercise the purchase option occurred on September 27, 2005. This breach of contract claim for damages from 2005 continues despite the termination of the lease agreement four years later.

Count VII of tenant's complaint is also based on the option clause and asks, by way of supplemental relief, for the court to direct landlords to sell to tenant, free and clear, the real property identified in the option agreement. "Specific performance is an equitable remedy allowing a court to compel performance of a contract where there exists in the contract an agreement between the parties as to the nature of the performance. . . ." *DuBois Dutch, LLC v. Guido*, 977 A.2d 1225, 1230 (Pa. Cmwlth. 2009). Landlords claim in their motion for judgment on the pleadings that Count VIII must be dismissed because tenant has not alleged that it is ready, willing and able to perform the option clause of the contract. Landlords cite to an unreported common pleas decision, *Partnership CDC v. Apple Storage Company, Inc.*, 2005 WL 1953041 (Phila. Co. 2005), which relies upon a 20-year-old Washington County decision, *Antonietta v. Patsch Brothers, Inc.*, 31 D.& C.3d 44, 48 (1984), which quotes a national treatise for the burden of proof in an action for specific performance: "At trial, plaintiffs had to prove the existence of the contract, the actual terms of the agreement, and their willingness and readiness to perform." 71 Am.Jur.2d specific performances §207 (1973). Even were this court

to consider this language applicable, it is ambiguous as to whether the plaintiff has to prove a "willingness and readiness to perform" at the present time or at the time the option to purchase was originally exercised.

All of which is irrelevant because this American Jurisprudence section is not cited in any other legal decision in the commonwealth — at the common pleas level or the appellate level. Nor is this standard of proof adopted in any appellate court decision in this commonwealth. Rather, our Superior Court has held that "[t]o prevail on an action for specific performance[,] the holder has the burden of showing that there is a valid agreement; that the agreement has been violated; and that the holder does not have an adequate remedy at law." *Boyd & Mahoney v. Chevron U.S.A.,* 614 A.2d 1191, 1194 (Pa. Super. 1992). Tenant has met this burden in this case.

Count IX of tenant's complaint seeks damages for landlords' conversion of its personal property located in various areas of the leased premises. Specifically, tenant claims that personal property located in Area "M" of the leased premises was removed by landlords without tenant's permission. Tenant alleges in Paragraph 7 of the complaint that this additional space leased to tenant was done so pursuant to an addendum to the original lease agreement, a copy of which tenant does not have in its possession.

Landlords contend that tenant's failure to attach a copy of the addendum to the complaint is a basis for the dismissal of this count pursuant to Pa. R.Civ.P. 1019(i). Paragraph 7 of the complaint, however, states the substance of the writing and explains why a copy is not attached to the complaint as required by Pa. R.Civ.P. 1019(i).

Clearly, there is a dispute as to whether an addendum to the lease exists. As noted above, it is fundamental that a judgment on the pleadings should not be entered where there are unknown or disputed issues of fact. Accordingly, Count IX will not be dismissed.

## IV. CONCLUSION

For the reasons set forth above, landlords' motion for judgment on the pleadings shall be granted in part for claims under Counts I, II, III, IV, and VI arising on or before May 4, 2003, and such claims are dismissed. The statute of limitations period has not run on any claim for breach arising within four years of tenant's filing of its complaint on May 4, 2007. As such, landlords are not entitled to judgment as a matter of law with respect to tenant's claims arising from lease payments made after May 4, 2003.

Count V of tenant's complaint must be dismissed pursuant to the "gist of the action" doctrine and judgment entered in favor of landlords as a matter of law.

Landlords' motion for judgment on the pleadings as to Counts VII, VIII, and IX is denied.

Accordingly, I enter the following:

## ORDER

And now, January 18, 2011, upon consideration of the motion for judgment on the pleadings filed by Henry B. Zook and Elizabeth Zook, the response by For Sale by Owners Services, Inc., and the briefs filed by the parties, it is hereby ordered that said petition is granted in part and denied in part and denied in part as follows:

1.  The motion for judgment on the pleadings shall be

granted in part for claims under Counts I, II, III, IV, and VI arising on or before May 4, 2003, and such claims are dismissed.

2.   The motion for judgment on the pleadings shall be denied for claims under Counts I, II, III, IV, and VI arising after May 4, 2003.

3.   Count V is dismissed pursuant to the "gist of the action" doctrine and judgment entered in favor of Henry B. Zook and Elizabeth Zook as a matter of law.

4.   The motion for judgment on the pleadings as to Counts VII, VIII, and IX of the complaint of For Sale by Owners Services, Inc., is denied.