J-S64035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHARLEEN M. RELLICK-SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BETTY J. RELLICK AND KIMBERLY V. | : | No. 919 WDA 2019 |
| VASIL | : | |

Appeal from the Order Entered March 25, 2019
In the Court of Common Pleas of Indiana County Orphans' Court at
No(s):  32-14-0490

BEFORE:  BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MARCH 31, 2020**

Sharleen M. Rellick-Smith (Rellick-Smith) appeals from the March 25, 2019 order of the Court of Common Pleas of Indiana County (trial court) holding that her cause of action against Betty J. Rellick (Rellick) and Kimberly V. Vasil (Vasil) (collectively, Defendants) for breach of fiduciary duty was barred by the statute of limitations.  After review, we affirm.

**I.**

We glean the following facts from the certified record.  On August 6, 2006, Rose Rellick (Rose) established two Certificates of Deposit (CDs) naming herself, Rellick-Smith and the Defendants.  According to Rellick-Smith, Rose intended for Rellick-Smith and the Defendants to divide the CDs equally

---

[*] Retired Senior Judge assigned to the Superior Court.

after Rose's death. Before Rose established the CDs, the Defendants each executed a Power of Attorney (POA) to become Rose's agents. On July 31, 2009, the Defendants, with Rellick acting as Rose's POA, each signed documents to remove Rellick-Smith from the CDs.

Rellick-Smith alleged that after Rose died, the Defendants cashed the CDs in March 2013 when they were worth approximately $370,000. Rellick-Smith alleged that the Defendants divided the money among themselves and did not give any of the proceeds to Rellick-Smith.

On October 10, 2014, Rellick-Smith initiated this action contending that the Defendants had breached their fiduciary duties to Rose by removing Rellick-Smith from the CDs and not paying her any of the proceeds. The Defendants timely filed a response to the complaint but did not raise any affirmative defenses. However, four months later, the Defendants filed a motion to dismiss in which they argued that the case should be dismissed because Rellick-Smith lacked standing to challenge the removal of her name from the CDs or, in the alternative, that the statute of limitations had expired.

The Honorable Judge Carol Hanna granted the motion to dismiss on the basis that Rellick-Smith lacked standing, but held that the statute of limitations defense had been waived for failure to raise it in the answer and new matter to the complaint. Rellick-Smith appealed to this court and we reversed and remanded the case for trial, finding that Rellick-Smith had standing to pursue her claim. *Rellick-Smith v. Rellick*, 147 A.3d 897, 904

(Pa. Super. 2016). The Defendants did not challenge Judge Hanna's finding of waiver of the statute of limitations defense on appeal.

Following remand and a change in counsel, on July 30, 2018, the Defendants filed a motion to amend pleading, seeking to raise numerous affirmative defenses including the statute of limitations. On August 17, 2018, the trial court granted the motion to amend.[1]

The case proceeded to a non-jury trial in December 2018. At trial, Rellick-Smith called Ann Marcoaldi (Marcoaldi), Rose's secretary and tax preparer, as a witness. Marcoaldi testified that Rose established the CDs for estate planning purposes and that she intended for Rellick-Smith and the Defendants to share the value of the CDs equally following Rose's death. Marcoaldi further testified that she and Rellick-Smith learned in September 2009 that the Defendants had removed Rellick-Smith from the CDs and that they began to investigate the removal around that time. Rellick-Smith testified that she could not recall when she learned that the Defendants had removed her name from the CDs.

Not addressing the merits, the trial court subsequently held that the action was barred by the statute of limitations. The trial court specifically found that Rellick-Smith learned that the Defendants had removed her name

---

[1] By this point, the case had been reassigned from Judge Hanna to the Honorable Judge Thomas M. Bianco, who presided over all subsequent proceedings.

from the CDs in September 2009 and the two-year statute of limitations commenced at that time. Rellick-Smith timely filed a notice of appeal, and Rellick-Smith and the trial court have complied with Pa.R.A.P. 1925.

**II.**

Rellick-Smith first argues that the trial court erred in granting the Defendants' motion to amend pleading to raise the statute of limitations as a defense to this action.[2] The Defendants' motion to amend pleading was filed on July 30, 2018, nearly four years after Rellick-Smith filed her complaint in this matter.[3] Rellick-Smith contends that the Defendants waived the statute of limitations defense by failing to raise it in their initial response to her complaint. She argues that the amendment should have been precluded under the law of the case doctrine because in 2015, Judge Hanna held that that the defense had been waived and the Defendants did not appeal that decision to this court. Finally, she argues that she was prejudiced by the

---

[2] We review such a claim for an abuse of discretion. **Horowitz v. Univ. Underwriters Ins. Co.**, 580 A.2d 395, 398 (Pa. Super. 1990).

[3] The Defendants argue that Rellick-Smith waived her challenge to the trial court's order granting the motion to amend pleading by failing to raise the issue in front of the trial court. Defendants' Brief at 3-5. While Rellick-Smith did not file a written response to the motion to amend pleading, the trial court's order following the August 17, 2018 pretrial conference states that it "heard argument from counsel with regard to the Motion [to amend pleading]." Order, 8/17/18, at 1. In addition, the trial court addressed the issue on the merits in its opinion pursuant to Pa.R.A.P. 1925(a). Trial Court Opinion, 3/25/19, at 5-8. As such, we decline to find waiver.

Defendant's delay because her witness's memory had diminished by the time the case proceeded to trial.

"As a general rule, a statute of limitations defense must be raised in new matter or else it is waived." *Croyle v. Dellape*, 832 A.2d 466, 476 (Pa. Super. 2003). However, "amendments to pleadings are liberally granted to secure a determination of cases on their merits whenever possible." *Beckner v. Copeland Corp.*, 785 A.2d 1003, 1006 (Pa. Super. 2001). Leave to amend should be granted unless the amendment would prejudice the non-moving party or violate a positive rule of law. *Horowitz v. Univ. Underwriters Ins. Co.*, 580 A.2d 395, 398 (Pa. Super. 1990). Mere delay in filing, without more, is insufficient to deny a motion to amend pleading. *Id.* at 399. Rather, the prejudice "must stem from the fact that the new allegations are offered *late* rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed." *Id.* (quotations and citation omitted).

In *Horowitz,* we held that the trial court abused its discretion when it denied the appellants' request to amend their pleading to raise the statute of limitations defense four-and-a-half years after they filed their original answer. Despite that lengthy delay in raising the defense, we found "no record facts to support the appellee's assertion that witnesses' memories have faded over time in a way that would prejudice appellee." *Id.* at 400. Without actual prejudice to the appellee as a result of the delay, the law required that the

appellants be permitted to amend their pleading to raise the statute of limitations defense.

Rellick-Smith argues that this case is distinguishable from *Horowitz* because the trial court was bound under the law of the case doctrine to honor Judge Hanna's determination in 2015 that the Defendants had waived the statute of limitations defense by failing to assert it in their new matter to the complaint.

"The 'law of the case doctrine' is simply that a court involved in later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in earlier phases." *Melley v. Pioneer Bank, N.A.*, 834 A.2d 1191, 1204 (Pa. Super. 2003) (internal quotations and citation omitted). However,

> Where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion. However, a later motion should not be entertained or granted when a motion of the same kind has previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question.

*Riccio v. Am. Republic Ins. Co.*, 705 A.2d 422, 425 (Pa. 1997) (citation omitted). Thus, whether the doctrine applies depends upon the procedural posture of the case at the time of the rulings at issue. *Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 283 (Pa. Super. 2016).

Judge Hanna held that the Defendants could not raise the statute of limitations for the first time in their motion to dismiss because it had not been

properly pleaded in new matter. On appeal from the motion to dismiss, this court did not address the substance of the statute of limitations argument as it had not been raised by either party. *See Rellick-Smith*, *supra*, at 901 n.12. In the later motion to amend pleading, the trial court was faced with an entirely different procedural question: whether Rellick-Smith would be prejudiced by the delay in raising the statute of limitations defense. The law of the case doctrine did not bar the trial court from addressing this question which had not been presented to Judge Hanna or our court in the earlier proceedings.

She further argues that the Defendants should not have been able to amend their answer because she was prejudiced by the delay in raising the statute of limitations defense because the memory of her witness, Marcoaldi, had deteriorated by the time of trial. Rellick-Smith has not demonstrated that she was prejudiced by the delay in pleading the statute of limitations defense, particularly when she was aware that the Defendants had first attempted to argue the defense in 2015, only four months after she filed her complaint. Moreover, the trial court's factual finding that Rellick-Smith knew her name had been removed from the CDs as early as 2009 was drawn from the deposition of Marcoaldi that was taken in this case. The deposition testimony was used to refresh Marcoaldi's recollection at trial about when she and Rellick-Smith learned that the Defendants had altered the names on the CDs. While Marcoaldi's memory may have diminished by the time of trial, there is

nothing in the record to suggest that her memory was impaired at the time she gave her deposition. Without a more specific showing of prejudice arising from the delay in raising the statute of limitations defense, the trial court did not abuse its discretion in granting the motion to amend pleading.

**III.**

Next, Rellick-Smith argues that the trial court erred in holding that her claim was barred by the statute of limitations.[4] Rellick-Smith claims that the statute of limitations commenced in March 2013 when the Defendants removed all the money from the CDs from the bank and divided it among themselves. The Defendants argue that the statute of limitations commenced on July 31, 2009, when they removed Rellick-Smith from the account with Rellick acting as Rose's POA.

Rellick-Smith's claim for breach of fiduciary duty is subject to a two-year statute of limitations which began to run when her right to institute the suit arose. *See* 42 Pa.C.S. § 5524(7); *Mariner Chestnut Partners, L.P.*, 152 A.3d at 279.

> However, where the complaining party is reasonably unaware that his or her injury has been caused by another party's conduct, the discovery rule suspends, or tolls, the running of the statute of limitations. To successfully invoke the discovery rule, a party must show the inability of the injured, despite the exercise of due diligence, to know of the injury or its cause.

---

[4] The standard of review for issues involving the interpretation of a statute of limitations is *de novo* and the scope of review is plenary. *Erie Ins. Exchange v. Bristol*, 174 A.3d 578, 585 n.13 (Pa. 2017).

*Mariner Chestnut Partners, L.P.*, *supra* (internal quotations and citations omitted).  While whether the statute of limitations has run is a question of law, factual determinations regarding tolling and the discovery rule are within the discretion of the fact-finder.  *Id.*

In her complaint, Rellick-Smith alleged that "the Defendants violated Pennsylvania laws by using their authority as agents of Rose M. Rellick for their own financial gain through the removal of the Plaintiff's name from the First Commonwealth Bank CDs."  *See* Plaintiff's Complaint at ¶ 19.  When Rellick-Smith's name was listed as one of the joint owners on the CDs, she would have been permitted to withdraw any or all of the money from the account.  As noted above, the removal of Rellick-Smith's name from the CDs occurred on July 31, 2009.  After that time, Rellick-Smith had no lawful right to access the CDs and would have been prevented from withdrawing any money from the account.  Because her claim was explicitly grounded in the Defendants' use of their Power of Attorney to remove Rellick-Smith from the accounts, her injury arose when her lawful access to the CDs was removed in alleged contravention of Rose's wishes.

The record supports the trial court's finding that Rellick-Smith discovered that her name had been removed from the accounts in September 2009.  The trial court found Marcoaldi credible when she confirmed that she and Rellick-Smith began looking into the changes to the CDs at that time.  We will not disturb the trial court's credibility and factual determinations on

appeal. ***Stokes v. Gary Barbera Enters., Inc.***, 783 A.2d 296, 297 (Pa. Super. 2001) ("When the trial court sits as fact finder, the weight to be assigned the testimony of the witnesses is within its exclusive province as are credibility determinations."). Because Rellick-Smith did not file her complaint until October 2014, well after the two-year statute of limitations expired, the trial court did not err in dismissing her claim.

Because we hold that the trial court did not abuse its discretion in holding that Rellick-Smith's claim was barred, we do not reach her third claim on appeal that this court should enter a judgment on the merits of her underlying claim.

Order affirmed.

Judge Lazarus joins the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/31/2020</u>