Sharon P. **PFISTER** and Robert L. Pfister, Jr., h/w, Appellants

v.

**CITY OF PHILADELPHIA and Tyrone Winkler.**

Commonwealth Court of Pennsylvania.

Argued Nov. 11, 2008.

Decided Jan. 6, 2009.

Jeffrey B. McCarron, Philadelphia, for appellants.

Alan C. Ostrow, Philadelphia, for appellee, City of Philadelphia.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Sharon P. Pfister and Robert L. Pfister appeal an order of the Court of Common Pleas of the First Judicial District of Pennsylvania (trial court) entering judgment in favor of the City of Philadelphia and Tyrone Winkler because the Pfisters' complaint was found not to have been served in time to toll the two-year statute of limitations for tort claims. Concluding that the trial court could not make this factual determination in the context of a motion for judgment on the pleadings, we reverse and remand.

On January 11, 2006, the Pfisters filed a complaint seeking damages from the City of Philadelphia and one of its police officers, Tyrone Winkler, (collectively, City) for injuries caused by the City's alleged negligence. The complaint alleged that Sharon Pfister was struck on January 20, 2004, by a police car operated by Winkler at the intersection of 12th and Race Streets in the City of Philadelphia as she was crossing Race Street. It further alleged that Ms. Pfister suffered a sprained right ankle, a fractured left tibia, a fractured right patella and an exacerbation of a pre-existing arthritic condition. Finally, the complaint alleged that Robert Pfister suffered a loss of consortium as a result of his wife's injuries. On March 22, 2006, the complaint was reinstated.[1]

---

1. PA. R.C.P. No. 401 provides:

(a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

(b)(1) If service within the Commonwealth is not made within the time prescribed by

On April 10, 2006, the City filed preliminary objections to the complaint, asserting, *inter alia*, that the action was barred by the statute of limitations. The City asserted that it had not received any pre-complaint notice of the Pfisters' claim and that the reinstated complaint of March 22, 2006, was served outside the statute of limitations. Specifically, the City asserted that the Pfisters had not attempted in good faith to serve the City and Winkler within thirty days of the filing of the complaint. The City did not frame its preliminary objection as an objection to service, and it did not endorse its preliminary objections with a notice to plead.[2]

The Pfisters filed a written, verified response to these preliminary objections. Their response argued that the City's preliminary objections were improper under the Pennsylvania Rules of Civil Procedure and that the complaint had been "personally delivered" to the City's Law Department, Claims Unit on the day the complaint was filed. Pfisters' Response, ¶¶ 4, 7; Reproduced Record at 14a. (R.R.——). The response also stated that a "true and correct copy of [Pfisters'] counsel's Affida-

vit of Service which has been or will be filed is attached hereto as Exhibit 'A.' " *Id.* at ¶ 4; R.R. 14a.[3]

The trial court overruled the City's preliminary objections, explaining that the "defense of the bar of a ... statute of limitations can be asserted only in a responsive pleading as new matter...." Pa. R.C.P. No. 1028 (note). On May 16, 2006, the City filed an answer and new matter asserting that the Pfisters' claim was barred by: (1) the applicable statute of limitations; (2) the act known as the Political Subdivision Tort Claims Act; and (3) the Pfisters' failure to provide the pre-complaint notice required under 42 Pa.C.S. § 5522.[4]

On June 29, 2006, the City filed a motion for judgment on the pleadings. No response was filed by the Pfisters, and on August 1, 2006, the trial court granted the City's unopposed motion for judgment on the pleadings. Upon receipt of the trial court's order, the Pfisters appealed.[5] They also filed a motion to set aside judgment, asserting that they had not been

---

subdivision (a) of this rule ..., the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon reissued in the case of a writ or reinstated in the case of a complaint.

2. Pa.R.C.P. No. 1028(a)(1) authorizes a preliminary objection on the basis of "improper venue or improper form or service of a writ of summons or a complaint." The note to this Rule provides that:

Preliminary objections raising an issue under subdivision (a)(1), (5), (6), (7) or (8) cannot be determined from facts of record. In such a case, the preliminary objections must be endorsed with a notice to plead or no response will be required under Rule 1029(d).

Pa.R.C.P. No. 1028 (note).

3. The response was verified by counsel. However, the certified record does not con-

tain the affidavit of service referenced in the Pfisters' response.

4. It provides in relevant part:

Within six months from the date that any injury was sustained or any cause of action accrued, any person who is about to commence any civil action or proceeding within this Commonwealth or elsewhere against a government unit for damages on account of any injury to his person or property under Chapter 85 (relating to matters affecting government units) or otherwise shall file in the office of the government unit, ... a statement in writing, signed by or in his behalf ...

42 Pa.C.S. § 5522(a)(1).

5. The appeal was filed with the Superior Court but transferred to this Court on February 8, 2007.

served with the City's motion for judgment on the pleadings. Noting that the City had not attached a certificate of service on its motion for judgment on the pleadings, the trial court issued an opinion requesting that the Commonwealth Court remand the matter to it. On June 6, 2007, this Court remanded the matter to the trial court. On remand, the trial court granted the Pfisters' motion to set aside judgment on the pleadings; vacated its August 1, 2006, order; and directed the Pfisters to respond to the City's motion for judgment on the pleadings.

On July 27, 2007, the Pfisters filed an answer and response to the City's motion for judgment on the pleadings. Attached to the answer was a January 16, 2006, affidavit of service. The affidavit stated that on January 11, 2006, Pfisters' counsel "personally deliver[ed] to the Claims Unit, City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, two true and correct copies" of the Pfisters' complaint. R.R. 102a. Also attached to their answer was a copy of a letter dated January 12, 2006, addressed to the City Law Department—Claims Unit on the 15th Floor of 1515 Arch Street, wherein Pfisters' counsel averred that he had "personally delivered" to the City's office, true and correct copies of the Pfisters' complaint on January 11, 2006. R.R. 103a.[6]

The trial court directed the parties to file briefs on the question of whether the complaint had been timely served. Specif-ically, the trial court's briefing order stated as follows:

> Whether service of the Complaint by Plaintiff's attorney on January 11, 2006, evidenced by supporting Affidavit executed on January 16, 2006, satisfies Pa. R.C.P. 400 et seq., for purposes of service of original process. The parties are to specifically address Rule 405(e) and the fact that the above return of service was not filed with the Prothonotary and whether the failure to file same requires a finding that service of the Complaint was not perfected within the two (2) year statute of limitations.

Certified Record at entry No. 23. After reviewing the parties' submissions, the trial court entered an order that: (1) struck the affidavit of service filed July 27, 2007, as not timely docketed; (2) struck the purported service of January 16, 2006, that was the subject of the July 27, 2007, affidavit; and (3) found that service of the Pfisters complaint did not take place until March 24, 2006. Relying upon the docket to make these findings, the trial court granted the City's motion for judgment on the pleadings.

On appeal,[7] the Pfisters assert that the trial court erred. They contend that in a motion for judgment on the pleadings, the trial court was required to accept as true the Pfisters' allegation that actual service of the complaint was effected on January 11, 2006.[8] Alternatively, they argue that the trial court was required to conduct an evidentiary hearing on the disput-

---

**6.** On July 30, 2007, the Pfisters filed a reply to the new matter raised in the City's answer to the complaint.

**7.** Our review of a trial court's decision granting a motion for judgment on the pleadings considers whether the court committed an error of law or whether unresolved questions of material fact remain outstanding. *Travelers Casualty & Surety Co. v. Castegnaro,* 565

Pa. 246, 250, 772 A.2d 456, 459 (2001). Our scope of review is plenary. *Lindstrom v. City of Corry,* 563 Pa. 579, 583, 763 A.2d 394, 396 (2000).

**8.** Nevertheless, the Pfisters admitted the affidavit of service is incomplete inasmuch as it does not identify the individual served with the complaint. Pfisters' Brief at 22.

ed factual issue of whether service of the complaint was effected.

In response, the City argues that the record consists of a defective Affidavit of Service; the Pfisters' answer to the preliminary objections; and the correspondence of January 12, 2006, directed to the Claims Unit of the City's Law Department. According to the City, none of these documents state that the complaint was "served," but only that it was "personally delivered." Further, these documents neither identify the individual at the City upon whom the complaint was "personally delivered" nor describe the manner of "personal delivery." Accordingly, the City argues that the pleadings do not contain evidence that service was effected in accordance with the requirements of the Pennsylvania Rules of Civil Procedure.

 In deciding upon a motion for judgment on the pleadings under Pa. R.C.P. No. 1034, a court may consider only the pleadings and any documents properly attached thereto.[9] *Bata v. Central–Penn National Bank of Philadelphia,* 423 Pa. 373, 378, 224 A.2d 174, 179 (1966). Under Rule 1017, "pleadings" are limited to:

(1) a complaint and an answer thereto,

(2) a reply if the answer contains new matter, a counterclaim or a cross-claim,

(3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter,

(4) a preliminary objection and a response thereto.

Pa. R.C.P. No. 1017. In addition, the party moving for judgment on the pleadings must admit the truth of all the allegations of his adversary and the untruth of any of his own allegations that have been denied by the opposing party. *Tate v. Pennsylvania Board of Probation and Parole,* 40 Pa.Cmwlth. 4, 396 A.2d 482, 483 (1979). Where there are material issues of fact in dispute, judgment on the pleadings cannot be entered. *Miami National Bank v. Willens,* 410 Pa. 505, 507–508, 190 A.2d 438, 439 (1963).

With these principles in mind, we turn to the Pfisters' appeal. We conclude that the trial court erred.

 First, the trial court did not base its determination solely on the pleadings. Here, the pleadings consist of the complaint and answer; the Pfisters' reply to the City's new matter; and the City's preliminary objections and the Pfisters' response thereto. The Pfisters' affidavit of service and their correspondence to the City are not pleadings;[10] rather, they are documents attached to the Pfisters' answer to the City's motion for judgment on the pleadings. The trial court erred in considering these attachments because they are

---

9. Pa.R.C.P. No. 1034 provides:
 (a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.
 (b) The court shall enter such judgment or order as shall be proper on the pleadings.

10. The Pfisters contend that the affidavit of service attached to their response to the City's preliminary objections must be accepted and considered by the trial court pursuant to *Mellon Bank, N.A. v. National Union Insurance Company of Pittsburgh, PA,* 768 A.2d 865, 870

(Pa.Super.2001) (holding a relevant document attached to an answer to a preliminary objection may be considered by a court in ruling on a motion for judgment on the pleadings). We have carefully reviewed the certified record and do not find an affidavit of service is attached to the Pfisters' response to the City's preliminary objections. Only that which is contained in the certified record may be considered by an appellate court. Pa.R.A.P. 1921; *Commonwealth v. Young,* 456 Pa. 102, 115, 317 A.2d 258, 264 (1974).

not pleadings. *Cf. Farber v. Engle,* 106 Pa.Cmwlth. 173, 525 A.2d 864, 867 (1987) (trial court properly refused to consider appellant's attachment to an answer to a motion for judgment on the pleadings in ruling on the motion). Likewise, the trial court also erred in basing its determination on items on the docket that are not pleadings.[11]

Second, the City's motion for judgment on the pleadings is based on the theory that the Pfisters failed to attempt to serve the City and Officer Winkler within 30 days of the commencement of this action on January 11, 2006. City's Motion for Judgment on the Pleadings, 6; R.R. 29a. In the verified response to the Citys preliminary objections, the Pfisters alleged that their counsel had "personally delivered" time stamped true and correct copies of their complaint to the City's Law Department, Claims Unit on the day the complaint was filed. Pfisters' Response, ¶¶ 4, 7; R.R. 14a. Because these factual allegations must be assumed to be true for purposes of the City's motion for judgment on the pleadings, the pleadings reveal a substantial dispute on a material fact.[12] In light of this dispute, the trial court should have denied the City's motion for judgment on the pleadings.

Accordingly, the order of the trial court is reversed and remanded for further proceedings.

### ORDER

AND NOW, this 6th day of January, 2009, the order of the Court of Common Pleas of the First Judicial District of Pennsylvania dated September 13, 2007, is hereby REVERSED and REMANDED for further proceedings.

Jurisdiction relinquished.

---

**11.** On March 28, 2006, the Pfisters had affidavits of service docketed, which asserted that the City and Winkler had been served on March 22, 2006.

**12.** In reviewing a grant of judgment on the pleadings this Court regards all of the non-moving party's well-pleaded allegations as true, and may consider against that party only those allegations that it has admitted. *Pennsylvania Department of Banking v. NCAS of Delaware, LLC,* 596 Pa. 638, 648–649, 948 A.2d 752, 759 (2008). Such a motion may only be granted in cases where no material facts are at issue and the law is so clear that a trial would be a fruitless exercise. *Felli v. Department of Transportation,* 666 A.2d 775, 776 n. 2 (Pa.Cmwlth.1995).