# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maxatawny Township and            :
Maxatawny Township Municipal      :
Authority                                 :
                                       :
            v.                    :    No. 2229 C.D. 2014
                                       :    Submitted: February 27, 2015
Nicholas and Sophie Prikis t/d/b/a    :
Kutztown Airport Trailer Park,       :
                  Appellants    :

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**               **FILED: September 17, 2015**

       Nicholas and Sophie Prikis t/d/b/a Kutztown Airport Trailer Park (collectively, Trailer Park) appeal from an order of the Court of Common Pleas of Berks County (trial court), which denied the Trailer Park's petition for attorneys' fees and costs associated with litigation regarding a sewer connection. We now affirm in part, vacate in part, and remand this matter to the trial court.

       The Trailer Park is a property comprised of fifty-four mobile homes. (Reproduced Record (R.R. at 62.) The Maxatawny Township Ordinance 2011-03 (Ordinance) requires owners of properties "adjoining or adjacent to or whose principal building is within 150 feet from any part of the [s]ewer [s]ystem" to connect the property to the sewer system. Section 3.01 of the Ordinance. Maxatawny Township and the Maxatawny Township Municipal Authority (collectively, Township) advised the Trailer Park that it was required to connect to the sewer system pursuant to Section 3.01 of the Ordinance. (R.R. at 173.) The

Township warned the Trailer Park that it would enforce the Ordinance by commencing an action against the Trailer Park if the Trailer Park failed to connect to the sewer system. (*Id.* at 173-74.) The Trailer Park refused to connect to the sewer system, and, in November 2012, the Township filed a complaint with the trial court seeking enforcement of Section 3.01 of the Ordinance. The Township filed a motion for judgment on the pleadings, which the trial court denied. The Trailer Park filed eight contention interrogatories to which the Township objected and, without waiving the objection, denied. The trial court conducted a hearing and determined that the Trailer Park was not required to connect to the Township's sewer system because a mobile home is not a "principal building" within the meaning of the Ordinance. (*Id.* at 8-9.)

In reaching its decision on the merits, the trial court reasoned that it really only had one issue before it—whether the Trailer Park is required to connect to the Township's sewer system. The trial court succinctly addressed this issue, when it explained:

> [T]he decision really came down to this Court's reasonable interpretation of key terms. The Ordinance requires ". . . all owners of improved property located within Maxatawny Township adjoining or adjacent to or whose <u>Principal</u> <u>Building</u> is within 150 feet from the sanitary sewer system . . . to connect." The Trailer Park in question contains what is most closely described as "mobile homes." Maxatawny Township's Zoning Ordinance defines "Mobile Home" as "a transportable single family dwelling." "Principal Building" is defined by the Zoning Ordinance as "a building on which a principle use on a lot is carried on" and "Building" is defined as "any combination of materials forming any structure . . . which is erected on the ground and permanently affixed thereto . . . ."
>
> *The parties agree that although the trailers have, in some cases, been stationary for some period of time they are*

> *not permanently affixed to the ground and as such cannot be buildings and therefore cannot be a "Principal Building" for purposes of the mandatory connection requirement at issue here.*

(Sept. 12, 2013 Decision and Order at 2, R.R. 386 (underline in original) (other emphasis added).) Thus, according to the trial court, although it was required to consider whether the mobile homes constituted "principal buildings" for purposes of the Ordinance, the parties agreed that the mobile homes were not permanently affixed to the ground and, therefore, could not be considered "principal buildings."

The Trailer Park, thereafter, sought an award of attorneys' fees as taxable costs pursuant to, *inter alia*, Section 2503(9) of the Judicial Code, 42 Pa. C.S. § 2503(9), which empowers the trial court to award counsel fees "because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." The Trailer Park argued that, based on the definitions in the Township's ordinance, the Township had no good faith basis to believe that the Trailer Park property had a "principal building" within 150 feet of any part of the sewer system. The Trailer Park thus argued that the Township had no basis in law or fact to initiate an action against the Trailer Park.[1] The Trailer Park also took issue with the Township's objections to the Trailer Park's contention interrogatories.

The trial court denied the Trailer Park's petition for attorneys' fees and costs, and the Trailer Park appealed to this Court. Thereafter, the trial court issued an opinion pursuant to Pa. R.A. P. 1925(a), wherein it reasoned:

---

[1] There is no contention in the record that the Trailer Park property is adjacent to or adjoining part of the municipal sewer system.

3

*The [Township] . . . required all of the parties in the sewer treatment area to connect to the sewer system. The [e]ngineer . . . testified credibly that the [T]railer [P]ark was the main reason that the sewer treatment plant was being constructed.* This Court considered the evidence and testimony presented and has found nothing to suggest that the instant action was "arbitrary" in any way.

This Court has found a legitimate question of fact regarding interpretation of the key term, "principal building" and whether there was a "principal building" within 150 feet of the sewer connect point. Because of this material question, the [Township's] Motion for Judgment on the Pleadings was denied. If this Court found that [the Township] did not have sufficient grounds to initiate the action, the action would have been dismissed. Furthermore, this Court did not find any compelling evidence regarding fraud, dishonesty or corruption on the part of [the Township]. Put simply, an action to force a resident to connect to a municipal sewer system does not rise to the level of fraud, dishonesty or corruption, especially in the instant case.

Additionally, this Court did not find that [the Township's] discovery responses were inadequate or inappropriate. This Court based its decision upon the interpretation of the term "principal building" and has held that there is no "principal building" within 150 feet of the sewer connection point. The action was brought in good faith and was not arbitrary or vexatious so as to provide for a fee shifting exception under [Section] 2503 [of the Judicial Code].

(Trial Ct. Pa. R.A.P. 1925(a) Op. at 6-7, attached to Appellant's Br. as Ex. "A" (emphasis added).)

4

On appeal,[2] the Trailer Park contends that the trial court abused its discretion in failing to award the Trailer Park attorneys' fees and costs under Section 2503(9) of the Judicial Code. The Trailer Park also argues that it is entitled to attorneys' fees and costs pursuant to Pa. R.C.P. No. 4019(d).

We first address the Trailer Park's argument that it is entitled to attorneys' fees and costs pursuant to Section 2503(9) of the Judicial Code. Section 2503(9) of the Judicial Code provides:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> > (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

In *Thunberg v. Strause*, 682 A.2d 295 (Pa. 1996), the Pennsylvania Supreme Court described the actions which would be considered arbitrary, vexatious, or in bad faith:

> *An opponent's conduct has been deemed to be "arbitrary" within the meaning of the statute if such conduct is based on random or convenient selection or choice rather than on reason or nature.* An opponent also can be deemed to have brought suit "vexatiously" if he filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance. Finally, an opponent can be charged with filing a lawsuit in "bad faith" if he filed the suit for purposes of fraud, dishonesty, or corruption.

---

[2] "Appellate review of a trial court's order awarding attorney's fees to a litigant is limited solely to determining whether the trial court palpably abused its discretion in making a fee award." *Thunberg v. Strause*, 682 A.2d 295, 299 (Pa. 1996).

5

*Thunberg*, 682 A.2d at 299 (citations omitted) (emphasis added). Further, "where there is no basis in law or fact for the commencement of an action, the action is arbitrary." *Id.*

We agree with the trial court that there does not appear to be a basis to conclude that the Township's actions met the requirement for vexatious or bad faith conduct,[3] so we will limit our inquiry to whether the Township's conduct in initiating the action or otherwise was arbitrary. As noted above, in order for conduct to be deemed arbitrary, it must be "based on random or convenient selection or choice rather than on reason or nature" or there must be "no basis in law or fact for the commencement of the action." *Id.*

As to the first definition, in its brief, the Township argues that it did not act in an arbitrary manner because it required all property owners, including the Trailer Park, to connect to the sewer system, notwithstanding the limiting language in the Ordinance. The Township wrote:

> Here, Maxatawny required all property owners in the sewer treatment area to connect. Indeed, [Engineer Christopher] Falencki and [Solicitor Jill] Nagy both testified that all property owners were treated the same and confirmed that any property owner who failed to connect to the treatment facilities was subject to an enforcement action either before the Court of Common Pleas or District Magistrate.

(Township Br. at 8.) The Township offers no other explanation for the commencement of the action, and the Township and trial court mistakenly believe

---

[3] We note that the Trailer Park does not argue that the Township filed the action "for the sole purpose of causing annoyance" or "for purposes of fraud, dishonesty, or corruption." *See Thunberg*, 682 A.2d at 299.

6

that those circumstances establish that the action was not arbitrary. Demanding *all* property owners, under threat of prosecution, to comply with an ordinance only applicable to some is, at best, heavy-handed. Commencing a lawsuit against those property owners who do not capitulate to the baseless demand would appear to be a decision based on a "convenient selection or choice rather than on reason or nature," and, therefore, could constitute arbitrary conduct, deserving of sanction under Section 2503(9) of the Judicial Code.

As to the second definition, the Township argues that it had a basis in law or fact to initiate the action,[4] because the trial court was required to interpret whether a "principal building" was within 150 feet of a sewer connection.[5] First,

---

[4] The trial court actually concluded that the Township had sufficient grounds to initiate the action. For purposes of analyzing whether the Township's conduct was arbitrary, we will treat the trial court's reasoning as applying to whether there was a basis in law for fact for the trial court's initiation of the action.

[5] In its opinion pursuant to Pa. R.A.P. 1925(a), the trial court appears to have mistakenly equated its analysis for judgment on the pleadings to be the same as that for a petition for attorneys' fees. "In deciding upon a motion for judgment on the pleadings under Pa. R.C.P. No. 1034, a court may consider only the pleadings and any documents properly attached thereto." *Pfister v. City of Phila.*, 963 A.2d 593, 597 (Pa. Cmwlth. 2009) (emphasis added). "[T]he party moving for judgment on the pleadings must admit the truth of all the allegations of his adversary and the untruth of any of his own allegations that have been denied by the opposing party." *Id.* "[A] judgment on the pleadings should not be entered where there are unknown or disputed issues of fact." *Piehl v. City of Phila.*, 987 A.2d 146, 154 (Pa. 2009). Here, the trial court explained that it denied the Township's motion for judgment on the pleadings based on the existence of a material question of fact, which is consistent with the standard to be applied for motions for judgment on the pleadings. The trial court then went on to note, however, that, in so doing, had it found that the Township "did not have sufficient grounds to initiate the action, the action would have been dismissed." (Trial Ct. Pa. R.A.P. 1925(a) Op. at 7, attached to Appellant's Br. as Ex. "A.") It relied upon that statement as part of its basis for denying attorneys' fees. In ruling on a judgment on the pleadings, a trial court is limited to considering only the pleadings. The trial court's analysis of the Township's motion, therefore, would not have consisted of an examination of whether, at the time the Township initiated the

**(Footnote continued on next page…)**

we note that the parties appear to have agreed that the mobile homes were not permanently affixed, and, thus, could not constitute "principal buildings" for purposes of connection to the sewer system. This raises the question of whether, at some point in time, the Township should have discontinued the action. Also, the trial court, in considering the Trailer Park's request for attorneys' fees, focused on its application of the Ordinance to the facts. The trial court did not focus its analysis on the question of whether the Township had a basis in law and fact to commence its lawsuit against the Trailer Park. There is nothing in the trial court's opinions or in the Township's brief that answers a simple but critical question— Why did the Township believe that the Trailer Park property was subject to the Ordinance at the time it initiated the action? In resolving this request for attorneys' fees, the trial court should have determined whether the Township had any basis in law and fact to commence the action or otherwise.

For the reasons set forth above, we conclude that the trial court did not apply the proper analysis for determining whether the Township's conduct was arbitrary under either of these definitions and, therefore, misapplied the law and abused its discretion. *Henderson v. Unemployment Comp. Bd. of Review*, 77 A.3d 699, 713 (Pa. Cmwlth. 2013) ("An abuse of discretion occurs if, in reaching a conclusion, the law is overridden or misapplied."). The trial court should have considered whether the Township applied reason when deciding to initiate the action or whether its decision was based on a random or convenient selection. Put

---

**(continued…)**

action, it had a basis in law and fact for the action. Thus, the trial court could not rely upon its decision on the Township's motion for judgment on the pleadings as a basis for its denial of the Trailer Park's petition for attorneys' fees.

another way, the trial court should have considered whether the Township had a reasonable basis in law or fact to believe that the Ordinance applied specifically to the Trailer Park, such that the Trailer Park was subject to the connection requirement of the Ordinance. The answer to that question should determine the resolution of the Trailer Park's request for attorneys' fees under Section 2503(9) of the Judicial Code.

The Trailer Park also argues that it is entitled to attorneys' fees and costs pursuant to Pa. R.C.P. No. 4019(d). The Trailer Park essentially contends that it is entitled to attorneys' fees because the Township objected to the Trailer Park's contention interrogatories on the basis that "[s]erving contention interrogatories at the outset of discovery is improper and an abuse of the discovery process." (Trailer Park Br. at 13.) The Township counters that Pa. R.C.P. No. 4019(d) applies only to requests for admissions.

We agree with the Township. Pa. R.C.P. No. 4019(d) provides, in part:

> If at the trial or hearing, a party who has *requested admissions as authorized by [Pa. R.C.P.] 4014*[6] proves the matter which the other party has failed to admit as requested, the court on motion may enter an order taxing as costs against the other party the reasonable expenses incurred in making such proof, including attorney's fees .
> . . .

(Emphasis added.) The Trailer Park did not serve requests for admissions upon the Township. In its brief, the Trailer Park notes that it "served upon the [Township] eight . . . simple contention interrogatories." (Trailer Park Br. at 13.) Because the

---

[6] Pa. R.C.P. No. 4014 relates solely to requests for admissions and does not contemplate a party's use of contention interrogatories as a discovery tactic.

9

Trailer Park served the Township with contention interrogatories rather than requests for admissions, the trial court did not abuse its discretion in failing to award the Trailer Park attorneys' fees under Pa. R.C.P. No. 4019(d). The trial court, therefore, did not err on this issue.

Accordingly, the order is affirmed to the extent that the trial court denied the Trailer Park's request for attorneys' fees and costs pursuant to Pa. R.C.P. No. 4019(d), and the order is vacated to the extent that the trial court denied the Trailer Park's request for attorney's fees pursuant to Section 2503(9) of the Judicial Code. The matter is remanded to the trial court for further proceedings to determine whether the Township acted arbitrarily in commencing the action or otherwise.

_____
P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Maxatawny Township and　　　　　:
Maxatawny Township Municipal　　:
Authority　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　:　No. 2229 C.D. 2014
　　　　　　　　　　　　　　　　:
Nicholas and Sophie Prikis t/d/b/a　:
Kutztown Airport Trailer Park,　　　:
　　　　　　　　　Appellants　　　:


# **O R D E R**


　　　　　AND NOW, this 17th day of September, 2015, the order of the Court of Common Pleas of Berks County (trial court) is AFFIRMED in part and VACATED in part. The order is AFFIRMED to the extent it denied Nicholas and Sophie Prikis t/d/b/a Kutztown Airport Trailer's (the Trailer Parks) request for attorneys' fees and costs pursuant to Pa. R.C.P. No. 4019, and the order is VACATED to the extent it denied the Trailer Park's request for attorneys' fees pursuant to Section 2503(9) of the Judicial Code, 42 Pa. C.S. § 2503(9). The matter is REMANDED to the trial court for further proceedings to determine whether Maxatawny Township and the Maxatawny Township Municipal Authority acted arbitrarily in commencing the action or otherwise.

　　　　　Jurisdiction relinquished.


　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　P. KEVIN BROBSON, Judge

Maxatawny Township and : 
Maxatawny Township Municipal : 
Authority :
  : No. 2229 C.D. 2014
v. :
  : Submitted: February 27, 2015
Nicholas and Sophie Prikis t/d/b/a :
Kutztown Airport Trailer Park, :
              Appellants :

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge

***OPINION NOT REPORTED***

DISSENTING OPINION
BY JUDGE McCULLOUGH               FILED: September 17, 2015

        Because the Majority remands for the trial court to engage in analysis which it already conducted, I must respectfully dissent. The record supports the trial court's finding that the Township sought to enforce its ordinance in good faith, and did not act arbitrarily or vexatiously. Appellants have failed to sustain their burden to prove otherwise.

        In this case, Maxatawny Township and Maxatawny Township Municipal Authority (together, the Township) filed a complaint seeking to have the trial court order Nicholas and Sophie Prikis, doing business as Kutztown Airport Trailer Park (Appellants), to connect their sewer line to the Township's sewer system. **Appellants' property** includes approximately fifty-four mobile homes or

"trailers," and **is located within the Township's "Act 537"[1] sewer service area**. (Reproduced Record (R.R.) at 62, 96.)

Pursuant to section 3.01(A) of the Township's Ordinance (Ordinance), all property owners who have a "principal building" within 150 feet of the Township's sewer system must connect to it. (R.R. at 78.) Although the trial court found that there were trailers in Appellants' park that were located within 150 feet of a lateral connection point, the trial court determined that the trailers could not be considered a "building" because they were not permanently affixed to the ground. (R.R. at 386.) Accordingly, the trial court dismissed the Township's complaint.

After the trial court issued its decision, Appellants petitioned for attorney's fees under section 2503(9) of the Judicial Code, 42 Pa.C.S. §2503(9), which allows for the grant of attorney's fees where the "conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." *Id.* Following a hearing, the trial court declined to award Appellants attorney's fees, finding that, based upon the credible evidence, the Township commenced its civil action in good faith and not in an arbitrary or vexatious manner.

The Majority remands to the trial court to reassess whether "the Township acted arbitrarily in commencing the action or otherwise." (Maj. slip op. at 10.) In other words, the Majority remands to the trial court in order for the trial court to do that which was already done, and, in my view, done correctly. Discerning no abuse of discretion or legal basis for a remand, I would affirm the trial court's order in its entirety.

---

[1] The Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. 1535, *as amended,* 35 P.S. §§750.1-750.20a.

Pursuant to section 2503(9) of the Judicial Code, a litigant's conduct is "arbitrary" if it "is based on random or convenient selection or choice rather than on reason or nature." *Thunberg v. Strause*, 682 A.2d 295, 299 (Pa. 1996). A litigant acts "vexatiously" if the litigant "filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance." *Id.*

The party petitioning for counsel fees and costs bears the "burden of proving that the actions of the [opposing party] were arbitrary, vexatious or in bad faith." *Citizens for Responsible Development v. Carlisle Zoning Hearing Board*, 562 A.2d 938, 940 (Pa. Cmwlth. 1989). "The standard of review when the trial court refuses to grant counsel fees is that the reasonableness of the refusal is a matter which rests within the sound discretion of the trial court and will be reversed only when there is a clear abuse of discretion." *Township of Lower Merion v. QED, Inc.*, 762 A.2d 779, 781 (Pa. Cmwlth. 2000).

The Majority directs the trial court, on remand, to "consider whether the Township applied reason when deciding to initiate the action or whether its decision was based on a random or convenient selection." (Maj. slip op. at 9.) But the trial court already conducted this analysis, concluding:

> The [Township] . . . required all of the parties in the sewer treatment area to connect to the sewer system. The [Township's] [e]ngineer . . . testified credibly that [Appellants'] trailer park was the main reason that the sewer plant was being constructed. **This Court considered the evidence and testimony presented and has found nothing to suggest that the instant action was "arbitrary" in any way.**

(Trial court op. at 6) (emphasis added).

The testimony at the hearing confirms the trial court's determination that the Township did not act arbitrarily. Chris Falencki, the Township's former engineer, testified that there were trailers at Appellants' park within 150 feet of the Township's sewer system; there were members of Appellants' trailer park that wanted to connect to the Township's sewer line; Appellants voluntarily signed an easement agreement for the sewer line; and there were other trailer parks in the Township (not affiliated with Appellants) located within 150 feet of the Township's sewer line that connected to the line. (R.R. at 376-78). Falencki further testified that the Township treated all properties within the sewer treatment area, *i.e.*, within 150 feet of the line, the same and that Appellants were not treated any differently than any other property regarding connection. (R.R. at 377.) [2] Jill Nagy, the Township's solicitor, testified that in addition to Appellants, the Township filed twenty-one other civil enforcement actions, seeking to have two commercial properties and nineteen residential properties connect to the sewer line. (R.R. at 380.)

Ultimately, these facts demonstrate that Appellants were not randomly singled-out and that the Township did not act arbitrarily in seeking to enforce its Ordinance, which institutes a uniform policy that all property owners within 150 feet of the sewer line connect to it.

The Majority also directs the trial court, on remand, to "consider whether the Township had a reasonable basis in law or fact to believe that the Ordinance applied specifically to [Appellants]." (Maj. slip op. at 9.) Again, the trial court undertook this precise task, concluding: "the decision came down to this Court's interpretation of key terms, namely, 'principal building.' [Falencki]

---

[2] It is not readily apparent why Appellants eventually chose not to connect to the Township's sewer line.

testified that he interpreted the term 'principal building' to be one that is independent of any other source. . . ." (Trial court op. at 5.)

However, the trial court rejected Falencki's broad interpretation, and, instead, resorting to sub-definitions in the Township's *Zoning Ordinance*, concluded:

> The Ordinance requires ". . . all owners of improved property located within [the] Township adjoining or adjacent to or whose Principal Building is within 150 feet from the sanitary sewer system . . . to connect." The [t]railer [p]ark in question contains what is most closely described as "mobile homes." Maxatawny Township's Zoning Ordinance defines "Mobile Home" as "a transportable single family dwelling." "Principal Building" is defined by the Zoning Ordinance as "a building on which a principle use on a lot is carried on" and "Building" is defined as "any combination of materials forming any structure . . . which is erected on the ground and permanently affixed thereto . . . ."

(Trial court decision at 2.)[3]

Although in some instances the trailers have remained stationary for notable periods of time, the trial court determined that a trailer could not be considered a "principal building" because a trailer is not permanently affixed to the ground. *Id.* Nonetheless, the trial court found that there was a legitimate, interpretive question as to whether the trailers at Appellants' park were "buildings" and determined that attorney's fees were not warranted. (Trial court op. at 5.)

I agree with the trial court that, whether or not it had merit, the Township's position that the trailers were "buildings" for purposes of the Ordinance was not unreasonable and, as such, entitled the Township to litigate the

---

[3] I note that the purposes of the zoning ordinance and the ordinance at issue here differ.

issue without fear of being sanctioned with attorney's fees.[4]   Indeed, the reasonableness of the Township's construction of its Ordinance is supported by the commonly understood meaning of the word "building."   According to Merriam-Webster's online dictionary, a "building" is defined as "a structure (such as a house, hospital, school, etc.) with a roof and walls that is used as a place for people to live, work, do activities, store things, etc."   MERRIAM-WEBSTER'S ONLINE, available at: http://www.merriam-webster.com/dictionary/building.[5]

Because the Ordinance does not otherwise define "building," and the Township's understanding of the term is consistent with its commonly understood meaning, I cannot agree that the trial court abused its discretion in declining to award Appellants attorney's fees.

Moreover, there is evidence in the record that the trailers have the capacity to connect to the Township's sewer line, it is functionally feasible for the trailers to do so, and the trailers are located within the Ordinance's 150-foot requirement.  (Trial court op. at 6; R.R. at 376-78.)  In this regard, the similarities between a trailer/mobile home and a traditional residence, which is obviously a "building" under the Ordinance, are manifest and need no further elaboration. Suffice to say, both are places of abode and generate sewage.

---

[4] "Punishing all those who initiate actions which are not ultimately successful by granting the defendant's request for counsel fees would have a chilling effect on right to bring a suit." *Santilo v. Robinson*, 557 A.2d 416, 418 (Pa. Super. 1989).

[5] *See* 12 CORPUS JURIS SECUNDUM 378-80 (1956) (stating that a building "does not necessarily imply that it is fixed to the soil" and explaining that "'building' in its broad or in its primary sense, refers merely to . . . anything constructed; a thing built; or that which is built; and more specifically as an edifice for any use.")

Ultimately, the above facts and definitions of a "building" reflect that the Township had a sufficient basis in fact and law to commence this action and that its lawsuit was not frivolous or instituted solely to harm or annoy Appellants. In reaching a contrary conclusion, I believe that the Majority disregards the discretion afforded to the trial court over this matter.

In my view, the trial court's findings that the Township did not act arbitrarily or vexatiously is supported by the record; the trial court did not abuse its discretion in denying Appellants' request for attorney's fees; and there is no reason to remand for the trial court for a redundant "do-over."

Accordingly, I respectfully dissent.

_____
PATRICIA A. McCULLOUGH, Judge