IN THE COMMONWEALTH COURT OF PENNSYLVANIA

POM of Pennsylvania, LLC,           :
                    Petitioner      :
                                    :    No. 503 M.D. 2018
            v.                      :
                                    :    Argued: May 8, 2019
Pennsylvania State Police, Bureau of :
Liquor Control Enforcement,         :
                    Respondent      :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge[1]
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED: November 20, 2019


        Before this Court is the Pennsylvania State Police, Bureau of Liquor
Control Enforcement's (PSP) application for summary relief in the nature of a partial
judgment on the pleadings with respect to the PSP's counterclaim to the petition for
review in the nature of a complaint seeking a declaratory judgment and injunctive
relief, filed in this Court's original jurisdiction by POM of Pennsylvania, LLC (POM).
This case is a companion to, and is controlled by our disposition in, *POM of*

_____

        [1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson
assumed the status of senior judge.

*Pennsylvania, LLC v. Department of Revenue, and City of Philadelphia* (Pa. Cmwlth., No. 418 M.D. 2018, filed November 20, 2019) (*POM I*).

On July 20, 2018, POM filed in this Court's original jurisdiction a petition for review seeking a declaratory judgment and injunctive relief, naming as respondent the PSP. According to POM's petition for review, POM distributes software for "a skill-based video game machine, called the Pennsylvania Skill™ Amusement Device 402.49 PEN" (POM Game) throughout Pennsylvania. (Petition ¶1.) The POM Game is primarily located in taverns, restaurants and social clubs that serve alcohol under license from the Pennsylvania Liquor Control Board. (Petition ¶11.) The POM Game is a coin-operated video machine that offers several games including a tic-tac-toe style puzzle, a potentially unlockable bonus session, and a "Follow Me™ colored dot-matching second phase of game play." (Petition ¶¶12-13.) If a player is ultimately successful playing the POM Game he or she is awarded with a combined total of 105% of the original amount spent to play. (Petition ¶27.) POM asserts that the POM Game is not an illegal gambling device under Pennsylvania criminal law, but rather, that it is a legal game of skill. (Petition ¶28.)

POM avers that on December 21, 2017, and January 4, 2018, the PSP sent letters to certain liquor licensees in the Commonwealth in which it threatened criminal and/or administrative sanctions against any liquor licensee in possession of a skill game. (Petition ¶29.) POM also alleges that high-ranking PSP officials have advised various persons throughout the Commonwealth, including customers and potential customers in public forums, that all skill games are illegal. (Petition ¶30.) POM further asserts that the PSP has advised legislators that games of skill, including the POM Game, are illegal. (Petition ¶31.) Moreover, POM alleges that in the months prior to its filing the petition for review, PSP agents visited users of the POM Game and threatened to seize their POM Games and suspend or revoke their Liquor Control Board-issued liquor licenses. (Petition ¶32.) POM avers that on July 11, 2018, PSP

2

seized five POM Games, as well as currency and other property, from a location in Fairless Hills, Bucks County, Pennsylvania. (Petition ¶33.)

POM maintains that the POM Game is not an illegal game of chance under the relevant statute of the Pennsylvania Crimes Code governing illegal gambling devices. (Petition ¶¶35-36.) POM also alleges that in *In re Pace-O-Matic, Inc. Equipment, Terminal I.D. No. 142613* (C.P. Beaver, No. M.D. 965-2013, filed December 23, 2014), the Court of Common Pleas of Beaver County determined that a similar POM game was a game in which skill predominated and, thus, not a gambling device *per se* under Pennsylvania law.[2,3] (Petition ¶45.) Consequently, POM requests that this Court enter a declaratory judgment in its favor and (1) declare that the POM Game is a legal device under Pennsylvania law; (2) declare that the PSP lacks the power and authority to seize or threaten to seize POM Games or initiate administrative or criminal proceedings regarding POM Games; (3) permanently enjoin the PSP from seizing or threatening to seize POM Games and/or initiating administrative or criminal proceedings regarding POM Games; and (4) grant any other relief deemed appropriate.

---

[2] In *Pace-O-Matic*, agents of the Pennsylvania Bureau of Liquor Control Enforcement seized coin-operated video devices from a social club. *Id.*, slip op. at 1-2. Like the POM Game at issue, the devices contained tic-tac-toe style puzzles that were played for money and offered rewards and dot-matching bonus games. *Id.*, slip op. at 2-4. The court of common pleas concluded that a machine is a gambling device *per se* where three elements are present: (1) consideration; (2) a result determined by chance, instead of skill; and (3) a reward. *Id.*, slip op. at 5. Because the court of common pleas determined that the outcome of both the tic-tac-toe and bonus games was determined predominantly by skill, rather than chance, it held that the Commonwealth failed to prove that the seized devices were gambling devices *per se*. *Id.*, slip op. at 10-12.

[3] Additionally, POM alleges that after the Beaver County decision, the District Attorney for Centre County issued a letter stating that, in light of the decision, her office would not confiscate POM machines. Similarly, POM avers that the District Attorney for Lancaster County issued a letter stating that for the reasons set forth in the Beaver County decision, the POM machine was not considered a game of chance under Pennsylvania gaming laws. (Petition ¶46.)

(Petition ¶62.) POM also requests that we enter a preliminary injunction enjoining the PSP from (1) seizing or threatening to seize POM Games; (2) initiating administrative or criminal proceedings regarding the POM Game; and (3) arresting or prosecuting persons in connection with operation of the POM Game. *Id.*

The PSP filed an answer, new matter, and counterclaim in response to POM's petition for review. In its counterclaim, the PSP alleges that the POM Game is considered a slot machine under section 1103 of the Pennsylvania Race Horse Development and Gaming Act (Gaming Act), 4 Pa.C.S. §1103. (Counterclaim ¶18.) The PSP also avers that the POM Game has not been inspected or certified by the Pennsylvania Gaming Control Board (Gaming Control Board) and that POM has been acting in violation of the Gaming Act.[4] (Counterclaim ¶¶20-21.) The PSP also maintains that POM is a manufacturer of slot machines under section 1103 of the Gaming Act, 4 Pa.C.S. §1103, and that it has violated the Gaming Act by manufacturing slot machines without a manufacturer's license. (Counterclaim ¶¶25-27, 29-30.) Similarly, the PSP contends that POM is a supplier of slot machines under the Gaming Act and that POM has violated the Gaming Act by distributing slot machines without a supplier license. (Counterclaim ¶¶37-40, 42.)

The PSP seeks a declaration that (1) the Gaming Act regulates the manufacture, possession, and operation of slot machines; (2) the Gaming Act and its regulations prohibit any person from possessing a slot machine unless lawfully manufactured by a licensed manufacturer; (3) the Gaming Act prohibits the possession and operation of any slot machines unless on the premises of a licensed casino facility; (4) the POM Game is an illegal gambling device under the Gaming Act; (5) the POM Game is a slot machine under the Gaming Act and subject to a daily tax of 34% of its revenue; and (6) POM is a manufacturer and/or supplier of slot machines and is

---

[4] 4 Pa.C.S. §§1101-1904.

required to obtain a license from the Gaming Control Board. (Counterclaim ¶49.) The PSP also requests that POM be ordered to remove its machines from all Pennsylvania establishments and cease further sale and distribution of its machines within Pennsylvania unless and until POM obtains the proper licenses from the Gaming Control Board. (Counterclaim ¶50.) While the PSP repeatedly argues that the POM Games are subject to the Gaming Act and the authority of the Gaming Control Board, the Gaming Control Board has not sought to intervene in this matter.

POM filed a reply to the PSP's new matter and counterclaim. Thereafter, the PSP filed an application for summary relief in the nature of a motion for partial judgment on the pleadings with respect to its counterclaim.

The PSP raises the following issues in its application for summary relief in the nature of a motion for judgment on the pleadings:[5] (1) The POM Game is a slot machine under the Gaming Act; (2) POM is a manufacturer and/or a supplier of slot machines under the Gaming Act; and (3) POM is acting in violation of the Gaming Act.

The arguments advanced by the PSP and POM in this matter are identical to those set forth and disposed of by this Court in *POM I*. In that case, we concluded

---

[5] Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, which is titled "Summary relief," provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). "A motion for judgment on the pleadings is in the nature of a demurrer"; thus, "all of the opposing party's allegations are viewed as true and only those facts which have been specifically admitted by him may be considered against him." *Trib Total Media, Inc. v. Highlands School District*, 3 A.3d 695, 698 n.2 (Pa. Cmwlth. 2010).

In reviewing a motion for judgment on the pleadings we "may only consider the pleadings themselves and any documents properly attached thereto." *Id.* The motion should only be granted "when the pleadings show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* Further, "the party moving for judgment on the pleadings must admit the truth of all the allegations of his adversary and the untruth of any of his own allegations that have been denied by the opposing party." *Pfister v. City of Philadelphia*, 963 A.2d 593, 597 (Pa. Cmwlth. 2009). Where "material issues of fact are in dispute, judgment on the pleadings cannot be entered." *Id.*

5

that because the plain language of the Gaming Act indicates that the General Assembly did not intend for the Act to regulate unlicensed slot machines and/or supplant the Crimes Code's regulation of the same, the POM Game is not subject to the Gaming Act. Accordingly, for the reasons articulated in *POM I*, we deny the PSP's application for summary relief in the nature of a motion for partial judgment on the pleadings. However, for the same reasons discussed in *POM I*, our denial of the PSP's application does not decide the separate question of whether the POM Game is an illegal gambling device under the Crimes Code, which both parties appear to acknowledge requires discovery in order to resolve.

_____
PATRICIA A. McCULLOUGH, Judge


Judge Cohn Jubelirer dissents.
Judge Brobson did not participate in this decision.
Judge Covey concurs in the result only.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

POM of Pennsylvania, LLC, :
        Petitioner :
         : No. 503 M.D. 2018
        v. :
         :
Pennsylvania State Police, Bureau of :
Liquor Control Enforcement, :
        Respondent :

## ***ORDER***

AND NOW, this 20th day of November, 2019, the Pennsylvania State Police, Bureau of Liquor Control Enforcement's (PSP) application for summary relief in the nature of a motion for partial judgment on the pleadings, with respect to the PSP's counterclaim, is denied.

_____
PATRICIA A. McCULLOUGH, Judge